# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A&J Properties,<br><br>  vs.                                         Plaintiff,<br><br>Cindy Kurtz and Gary Kurtz, et al. ,<br><br>                                         Defendant. | CASE NO. 13cv0971-GPC-WVG<br><br>**ORDER SUA SPONTE REMANDING ACTION TO STATE COURT** |

On April 23, 2013, Defendants Cindy Kurtz and Gary Kurtz filed a notice of removal of this unlawful detainer action. Plaintiff A & J Properites filed a motion to remand the action to state court. (Dkt. No. 3.) Plaintiff has also filed ex parte motions to shorten time for the motion to remend, or, in the alternative, seeks a *sua sponte* ruling remanding the action to state court. (Dkt. Nos. 4, 7.) Defendants filed a response in opposition to Plaintiff's motion to shorten time. (Dkt. No. 6.) Having reviewed Defendants' notice of removal, this Court finds it does not have subject matter jurisdiction over this action. Accordingly, the Court *sua sponte* **REMANDS** the action to state court.

## DISCUSSION

The federal court is one of limited jurisdiction. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. See Bender v. Williamsport Area Sch.

- 1 -                                                                                                      13cv0971-GPC-WVG

1  Dist., 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related
2  to federal subject matter jurisdiction, and may do so *sua sponte*. Steel Co. v.
3  Citizens for a Better Env't, 523 U.S. 83, 93–94 (1998); see Indus. Tectonics, Inc. v.
4  Aero Alloy, 912 F.2d 1090, 1092 (9th Cir.1990). Removal jurisdiction is governed
5  by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could
6  have originally been brought in federal court. Caterpillar, Inc. v. Williams, 482 U.S.
7  386, 392, 107 (1987); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996). Thus,
8  for an action to be removed on the basis of federal question jurisdiction, the
9  complaint must establish either that federal law creates the cause of action or that
10 the plaintiff's right to relief necessarily depends on the resolution of substantial
11 questions of federal law. Franchise Tax Board of Cal. v. Construction Laborers
12 Vacation Trust for Southern Cal., 463 U.S. 1, 10–11 (1983). Alternatively, a federal
13 court may have diversity jurisdiction over an action involving citizens of different
14 states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

15     The presence or absence of federal question jurisdiction "is governed by the
16 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only
17 when a federal question is presented on the face of plaintiff's properly pleaded
18 complaint." Caterpillar, Inc., 482 U.S. at 392. A review of the state court complaint
19 in this case shows that Plaintiff alleges a single unlawful detainer claim under
20 California state law. (Dkt. No. 1-2.) It also alleges that the amount demanded does
21 not exceed $10,000 and seeks possession only. (Id.)

22     "The burden of establishing federal jurisdiction is on the party seeking
23 removal, and the removal statute is strictly construed against removal jurisdiction."
24 Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988). "Federal
25 jurisdiction must be rejected if there is any doubt as to the right of removal in the
26 first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

27     In the notice of removal, Defendants allege that the Court has jurisdiction
28 pursuant to diversity under §1332. (Dkt. No. 1 at 2.)  Defendant asserts there is

another related action for declaratory relief against Bank of America. (Id.) Defendants assert that together, these action show complete diversity of citizenship. Defendants state that they are citizens of the State of California, and do not contest Plaintiff's citizenship. (Id. at 3.) Defendants further contend that their damages exceed $75,000.(Id.) However, the Court looks to the Complaint to see whether diversity exists. The complaint states that the amount in controversy does not exceed $10,000. The complaint also states all the parties are citizens of California. The Court declines to review a purportedly related case that has not been consolidated nor has been brought pursuant to the appropriate removal statute. Thus, the Court finds Defendants have failed to show that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Defendant has not adequately established a basis for this Court's subject matter jurisdiction. The Court must remand the case. See 28 U.S.C. § 1447(c).

## CONCLUSION

BASED on the above, the Court sua sponte **REMANDS** the action to the Superior Court of the State of California for San Diego County.

**IT IS SO ORDERED.**

DATED: June 14, 2013

HON. GONZALO P. CURIEL
United States District Judge